**Opinion issued June 25, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-13-00908-CR**
**NO. 01-13-00909-CR**

———————————

**MICHAEL ODURO KWARTENG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1365142 and 1369903**

---

**MEMORANDUM OPINION**

Appellant, Michael Oduro Kwarteng, pleaded guilty to the felony offenses of aggravated assault with a deadly weapon and aggravated assault causing serious bodily injury, without an agreed recommendation from the State regarding punishment. *See* TEX. PENAL CODE. ANN. §22.02(a)(1), (2) (West 2011). In both

cases, the trial court found appellant guilty and assessed punishment at 10 years' imprisonment with the sentences running concurrently. The trial court certified that these are not plea bargain cases and that appellant has the right to appeal. Appellant timely filed notices of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeals are without merit and are frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant filed a pro se response arguing that (1) although he voluntarily pleaded guilty to the offenses, his actions were in self-defense, (2) his trial counsel did not raise any objections during the sentencing hearing, and (3) he should have received a lighter sentence.

We have independently reviewed the entire record in these appeals, and we conclude that no reversible error exists in the record, there are no arguable grounds

for review, and the appeals are frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgments of the trial court and grant counsel's motion to withdraw.[1] Attorney Emily Detoto must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* Tex. R. App. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).